not signed by the requisite number. This allegation was traversed by the relators. The court referred this issue of fact to a referee, who took testimony and reported that 505 votes were cast in the next preceding municipal election; that there were unauthorized signatures to the petition; but that there were authorized signatures of 165 legal voters, and of nine other voters who had not heretofore registered.

This court, after argument, thereupon adjudged that the petition was signed by a number "equal to one-third of the number of votes cast in the next preceding municipal election;" but that the City Council had not refused to discharge their ministerial duty, nor been guilty of unnecessary or unreasonable delay, and therefore the relators were not entitled to the writ of *mandamus* prayed for. OPINION PER CURIAM, December 9, 1884. *Monteith & Ladson*, for relators. *F. W. McMaster*, contra.

No. 1635. CURETON *v.* WESTFIELD. November Term, 1884. The facts of this case are the same as in the case next *infra*, except that no attempt was made to serve the answer until sixty days after the *remittitur* was filed with the clerk of the Court of Common Pleas for Greenville County. Judgment of HUDSON, J., affirmed. OPINION by MR. JUSTICE McIVER, January 7, 1885. *E. F. Stokes*, for appellant. *Wells & Orr*, contra.

No. 1636. CURETON *v.* STOKES. November Term, 1884. On March 31, 1883, Judge Wallace overruled defendant's demurrer and gave him until April 3 to answer. Defendant did not then answer, but on April 4 gave notice of appeal from Judge Wallace's order. On April 5 defendant gave notice of a motion for further time to answer. On April 10 plaintiff moved for judgment, which was refused upon the ground that there was an appeal pending. Defendant thereupon withdrew his motion. The appeal was heard and dismissed (20 *S. C.*, 582), and the *remittitur* filed in the court below March 17, 1884. On the same day defendant served a copy of his answer on plaintiff's attorneys, who refused to receive it. On the call of the cause at the next term defendant asked that his answer be admitted. Judge HUDSON refused this application, and judgment was rendered by default for plaintiff. Defendant appealed. *Held—*

1. That giving further time to answer is a matter within the discretion of the Circuit judge, and his ruling thereon is not appealable. This case distinguished from *Ayer* v. *Chassereau*, 18 *S. C.*, 597.

2. The rendition of a judgment by default is no violation of the right of trial by jury.

3. The plea of the statute of limitations can be made by answer only.

4. Error in the calculation of interest not brought to the attention of the Circuit judge, nor ruled upon by him, cannot be considered by this court. Judgment affirmed. OPINION by MR. JUSTICE McIVER, January 7, 1885. *E. F. Stokes*, for appellant. *Wells & Orr*, contra.

No. 1637. DAUNTLESS MANUFACTURING Co.. v. DAVIS. November Term, 1884. 1. A Circuit judge may appoint a receiver in supplementary proceedings, notwithstanding another Circuit judge, upon the application of other creditors, had previously refused a similar application. It does not appear that the testimony was the same in the two proceedings, but, even if so, the Circuit judge was not bound to adopt the same conclusion reached by another judge in a case between different parties.

2. Application for a receiver in supplementary proceedings may be made and granted, notwithstanding the pending of an action in the nature of a creditor's bill in the courts of the United States, to reach the property of the debtor, the moving party here not being a party to such action.

3. An assignment by a debtor of all his property for the benefit of his creditors does not prevent supplementary proceedings a year later, and the appointment of a receiver thereunder, the validity or effect of the deed of assignment not being thereby adjudicated.

4. The remedy provided by statute for avoiding assignments does not seem to be exclusive of the remedy through supplementary proceedings.

5. A party assigned a judgment held by him to one D., and afterwards made a general assignment for the benefit of his creditors. Under supplementary proceedings afterwards taken out against this party, D. testified that the assignment to him was